COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner


CRYSTAL HAREFORD

MEMORANDUM OPINION[*]

v.      Record No. 1796-14-3                          PER CURIAM
                                                      APRIL 7, 2015

HARRISONBURG-ROCKINGHAM
 SOCIAL SERVICES DISTRICT


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Shelly R. James, on brief), for appellant.

(Rachel Errett Figura, Assistant County Attorney; W. Andrew
Harding, Guardian *ad litem* for the minor child; Convy & Harding,
PLC, on brief), for appellee.


        Crystal Hareford, mother, appeals a decision of the trial court terminating her parental rights

to her minor child, K.H, pursuant to Code §§ 16.1-283(C)(2) and 16.1-283(E)(i).  On appeal, mother

contends the trial court erred in finding the Harrisonburg-Rockingham Social Services District

(HRSSD) presented clear and convincing evidence that terminating her parental rights was

appropriate and in K.H.'s best interests "when he was not in an adoptive placement and his contact

with his mother was not a danger to him."  Upon reviewing the record and briefs of the parties, we

conclude this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

        "[A] termination pursuant to Code § 16.1-283(E)(i) must be based upon clear and

convincing evidence that the action is in the best interests of the child.  See Code § 16.1-283(E).  In

addition, the trial court must find the parent's rights to a sibling of the child previously had been

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

terminated. See Code § 16.1-283(E)(i)." Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46

Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (footnote omitted).

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age
> and physical and mental condition of the child or children; the age
> and physical and mental condition of the parents; the relationship
> existing between each parent and each child; the needs of the child
> or children; the role which each parent has played, and will play in
> the future, in the upbringing and care of the child or children; and
> such other factors as are necessary in determining the best interests
> of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

K.H. was removed by HRSSD from the hospital shortly after his birth in January 2014. The

termination hearing for K.H. was held on September 12, 2014, and the evidence was uncontested

that mother's parental rights to A.H., a sibling of K.H., were terminated on April 3, 2014.

In addition, clear and convincing evidence proved that termination was in the best interests

of K.H. HRSSD had been involved with mother's family since 2009. Mother made little progress

in following through with services provided by HRSSD. In addition, mother was diagnosed with

numerous mental and emotional disorders and she was identified as intellectually disabled. In 2013,

a psychological evaluation indicated mother was at extremely high risk for child abuse. A

psychologist opined that mother may be able to co-parent if another responsible adult was the

primary caretaker of her children. HRSSD had provided mother with housing and support in a

structured setting, but mother was twice removed from that environment due to rules violations.

Thereafter, mother had difficulty maintaining housing and she moved frequently. Mother had

limited employment. In addition, mother failed to progress past supervised visitation with K.H.

Evidence was presented that K.H. is doing well in a foster home.

The trial court found clear and convincing evidence that HRSSD proved its case under Code

§§ 16.1-283(C) and 16.1-283(E). The trial court found mother relied on others to take care of her

problems and she lacked basic parenting skills.  Her psychological testing indicated she has a low likelihood for change.  She scored very low on a test for parent problem solving, and she appeared to be at a loss about how to interact with K.H.  The trial court found this was a "chronic situation of inability" by mother.  The court noted there were also issues with unsanitary living conditions in mother's home.

Furthermore, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities."  Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).  Thus, clear and convincing evidence proved that termination of mother's parental rights was in the best interests of K.H.

In light of our conclusion that the termination under Code § 16.1-283(E)(i) should not be disturbed on appeal, we need not consider mother's alternative argument that the evidence was insufficient to support termination under Code § 16.1-283(C)(2).  See Fields, 46 Va. App. at 8, 614 S.E.2d at 659.  We summarily affirm the decision of the trial court.

Affirmed.